# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

JANE DOE,

*Plaintiff-Appellee,*

v.

GEORGIA DEPARTMENT OF CORRECTIONS, ET AL.,

*Defendants-Appellants.*

On Appeal from the United States District Court for the
Northern District of Georgia, No. 1:23-cv-5578 (Brown, J.)

## DEFENDANTS-APPELLANTS' RESPONSE TO APPELLEE'S MOTION TO DISMISS THE APPEAL FOR LACK OF JURISDICTION, CONDITIONAL CROSS-MOTION TO UNSEAL DOCUMENTS IN RECORD & ALTERNATIVE PETITION FOR WRIT OF MANDAMUS

Christopher M. Carr
  *Attorney General*
Stephen J. Petrany
  *Solicitor General*
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia, 30334
404-458-3408
spetrany@law.ga.gov

Jeffrey M. Harris
Rachael C. Tucker
Thomas S. Vaseliou
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
jeff@consovoymccarthy.com

*Counsel for Appellants*

June 3, 2024

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Per Rule 26.1 and Circuit Rule 26.1, Appellants certify that the following have an interest in the outcome of this appeal. Only the State Defendants are Appellants before this Court; the remaining Defendants are parties to the district court litigation but are not parties to this appeal:

1. ACLU of Georgia, Amicus Curiae

2. Ausborn, Wil, MHM Defendant

3. Baker Botts LLP, Counsel for Plaintiff

4. Billings, Rhonda, MHM Defendant

5. Boone, Beth, Counsel for Wellpath Defendants

6. Bowling, Donald, MHM Defendant

7. Brown, Hon. Michael L., United States District Judge (N.D. Ga.)

8. Carr, Christopher M., Counsel for State Defendants-Appellants

9. Cassimus, Lindsey, Counsel for MHM Defendants

10. Chalmers, Roger A., Counsel for State Defendants-Appellants

11. Clarke, Jewellann, Wellpath Defendant

12. Cleary, Cathleen, MHM Defendant

13. Consovoy McCarthy PLLC, Counsel for State Defendants-Appellants

14. Dangaran, D., Counsel for Plaintiff-Appellee

15. Doe, Jane, Plaintiff-Appellee

16.  Eick, Francesca, Counsel for Plaintiff-Appellee

17.  Fox, Melissa Lorraine, Counsel for Amicus Curiae

18.  Frankson, Michael G., Counsel for MHM Defendants

19.  Georgia Department of Corrections, State Defendant-Appellant

20.  Hall Booth Smith, Counsel for Wellpath Defendants

21.  Harris, Jeffrey M., Counsel for State Defendants-Appellants

22.  Huff Powell Bailey, LLC, Counsel for MHM Defendants

23.  Hughes, Aileen Bell, Counsel for Amicus Curiae

24.  Jackson, Nora M., Counsel for MHM Defendants

25.  James, Latonya, Wellpath Defendant

26.  Jane Doe, Plaintiff-Appellee

27.  Jeffress, Katherine Elise, Counsel for Plaintiff-Appellee

28.  Jones, DeShawn, State Defendant-Appellant

29.  Khayat, Jr., Robert C., Counsel for Amicus Curiae

30.  Lane, Jeremy, MHM Defendant

31.  Lewis, Sharon, State Defendant-Appellant

32.  Lohman, Chad I., State Defendant-Appellant

33.  Marchand, Sterling Andrew, Counsel for Plaintiff-Appellee

34.  Matt, Meghan K., Counsel for Plaintiff-Appellee

35.  MHM Correctional Services, LLC, MHM Defendant

36.  Montenegro, Tiffiny, Counsel for Wellpath Defendants

37.  Moore, Sidney, MHM Defendant

38.  Mulloy, Anthony, State Defendant-Appellant

39.  Murell, Christopher James, Counsel for Plaintiff-Appellee

40.  Murrell Law Firm, Counsel for Plaintiff

41.  Nemeth, Miriam R., Counsel for Plaintiff-Appellee

42.  Network for Victim Recovery of DC (NVRDC), Amicus Curiae

43.  Oliver, Tyrone, State Defendant-Appellant

44.  Palmieri III, Nicholas Frank, Counsel for Plaintiff-Appellee

45.  Petrany, Stephen J., Counsel for State Defendants-Appellants

46.  Rights Behind Bars, Counsel for Plaintiff

47.  Roberts, Jamal Kinte, State Defendant-Appellant

48.  Ronald, Novak Scott, Counsel for Plaintiff-Appellee

49.  Roskey, Hannah, Counsel for Plaintiff-Appellee

50.  Sauls, Randy, State Defendant-Appellant

51.  Skibinski, Sherri, MHM Defendant

52.  Spielmann, Brian, Counsel for Amicus Curiae

53.  The Claiborne Firm, Counsel for Plaintiff

54.  Tucker, Rachael C., Counsel for State Defendants-Appellants

55.  United States, Amicus Curiae

56.  Utter, David, Counsel for Plaintiff-Appellee

57.  Vaseliou, Thomas S., Counsel for State Defendants-Appellants

58.  Vey, Alexander Collins, Counsel for MHM Defendants

59.  Wellpath LLC, Wellpath Defendant

Appellants are government officials or entities of the State of Georgia, and Appellee is an individual. No publicly traded company or corporation has an interest in the outcome of this case or appeal. Per Circuit Rule 26.1-2(c), Appellants certify that this CIP is complete.

Dated: June 3, 2024         /s/ *Jeffrey M. Harris*
                                      Counsel for Defendants-Appellant

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement ..............C-1 of 4

Table of Authorities ...........................................................................................................ii

Introduction & Summary of Argument..........................................................................1

Background.........................................................................................................................2

Argument ...........................................................................................................................4

    I.      This Court has jurisdiction over the pseudonymity issue..................................4

    II.    Defendants conditionally cross-move to unseal the appellate record, which the Court has jurisdiction to grant......................................................... 11

    III.   Alternatively, this Court can construe Defendants' appeal as a petition for a writ of mandamus and grant it. ............................................................... 13

Conclusion........................................................................................................................ 15

Certificate of Compliance.............................................................................................. 17

Certificate of Service ...................................................................................................... 17

# TABLE OF AUTHORITIES

## Cases

*Baxter Int'l, Inc. v. Abbott Lab'ys,*
  297 F.3d 544 (7th Cir. 2002) ................................................................. 12

*Binh Hoa Le v. Exeter Fin. Corp.,*
  990 F.3d 410 (5th Cir. 2021) ................................................................. 14

*BP Expl. & Prod., Inc. v. Claimant ID 100246928,*
  920 F.3d 209 (5th Cir. 2019) ................................................................. 12

*Callaway v. Block,*
  763 F.2d 1283 (11th Cir. 1985) ...............................................................7

*Cheney v. U.S. Dist. Ct. for D.C.,*
  542 U.S. 367 (2004) ...................................................................... 13, 14

*Coe v. Cnty. of Cook,*
  162 F.3d 491 (7th Cir. 1998) ...................................................................7

*Colony Ins. Co. v. Burke,*
  698 F.3d 1222 (10th Cir. 2012) ............................................................. 13

*Denver Homeless Out Loud v. Denver, Colorado,*
  32 F.4th 1259 (10th Cir. 2022) ...............................................................5

*Doe v. Frank,*
  951 F.2d 320 (11th Cir. 1992) ............................................................... 14

*Doe v. Samford Univ.,*
  29 F.4th 675 (11th Cir. 2022) ............................................................... 15

*Dupree v. Younger,*
  598 U.S. 729 (2023) ...............................................................................8

*In re Sec'y, Fla. Dep't of Corr.,*
  2020 WL 1933170 (11th Cir. Mar. 30) ................................................... 15

*Jackson v. Motel 6 Multipurpose, Inc.,*
  130 F.3d 999 (11th Cir. 1997) ............................................................... 14

*\*June Med. Servs., LLC v. Phillips,*
  22 F.4th 512 (5th Cir. 2022)....................................................... 2, 11, 12

*Kroger Co. v. Malease Foods Corp.,*
  437 F.3d 506 (6th Cir. 2006) ...................................................................4

*Mercury Motor Exp., Inc. v. Brinke,*
  475 F.2d 1086 (5th Cir. 1973) .................................................................5

*Mohawk Indus. v. Carpenter*,
    558 U.S. 100 (2009) ............................................................................ 8, 13

*Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.*,
    760 F.2d 312 (D.C. Cir. 1985) ..................................................... 4, 7, 8

*\*OJ Com., LLC v. KidKraft, Inc.*,
    34 F.4th 1232 (11th Cir. 2022) ..................................................2, 12, 13

*Perez-Guerrero v. U.S. Atty. Gen.*,
    717 F.3d 1224 (11th Cir. 2013)........................................................... 12

*Roe v. Dettelbach*,
    59 F.4th 255 (7th Cir. 2023) ...............................................................7

*S.B. v. Fla. Agric. & Mech. Univ. Bd. of Trustees*,
    823 F. App'x 862 (11th Cir. 2020) ................................................ 9, 10

*Solantic, LLC v. City of Neptune Beach*,
    410 F.3d 1250 (11th Cir. 2005)....................................................... 5, 7

*\*Transcon. Gas Pipe Line Co. v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049*,
    910 F.3d 1130 (11th Cir. 2018)................................................... 1, 4, 9

*Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*,
    874 F.2d 1346 (10th Cir. 1989)....................................................... 5, 9

*United States v. Microsoft Corp.*,
    56 F.3d 1448 (D.C. Cir. 1995) ................................................. 7, 9, 17

**Statutes**

28 U.S.C. §1291..................................................................................... 7, 8

28 U.S.C. §1292..................................................................................... 1, 8

**Other Authorities**

*\*16 Wright & Miller §3921.1 (3d ed.) ................................................ 1, 5, 7, 9, 11

16 Wright & Miller §3937 (3d ed.) .................................................... 12

Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022) ........................8

## INTRODUCTION & SUMMARY OF ARGUMENT

Plaintiff does not dispute that this Court has jurisdiction over the preliminary-injunction order, including the Eighth Amendment claim on social-transitioning cosmetic and clothing items. Instead, Plaintiff moves to dismiss the appeal with respect to only one *issue:* whether the district court erred by allowing Plaintiff to proceed pseudonymously rather than under Plaintiff's legal name. Plaintiff asserts that this Court lacks jurisdiction to consider that issue, but this contention is wrong for several independent reasons.

First, this Court has jurisdiction over this appeal under 28 U.S.C. §1292 because Defendants timely appealed a grant of a preliminary injunction. Plaintiff does not argue otherwise. The only remaining question is the *scope* of this properly filed appeal. When a party properly appeals a preliminary-injunction order, the appeal's scope includes all aspects of the case—including the resolution of issues that might not otherwise be appealable. *Transcon. Gas Pipe Line Co. v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049*, 910 F.3d 1130, 1171 n.24 (11th Cir. 2018); 16 Wright & Miller §3921.1 (3d ed.). The pseudonymity issue requires no additional factual development, leaving this Court with a straightforward legal question with broad implications for the rest of this case. Pseudonymity thus falls within this appeal.

If this Court nevertheless agrees with Plaintiff that there is no jurisdiction to consider the pseudonymity issue, then Defendants conditionally cross-move for this

1

Court to unseal the record on appeal. This Court plainly has the authority to grant that motion. And it should grant the motion because there is no basis to continue sealing information—including Plaintiff's legal name and identification as being transgender—that Plaintiff has voluntarily placed in the public domain in numerous legal filings that remain publicly accessible. *OJ Com., LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1240 (11th Cir. 2022); *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 518 n.3 (5th Cir. 2022); ECF 26 (Defendants' Opening Brief) at 36-43.

Finally, in the alternative, the Court could also construe Defendants' arguments as a petition for a writ of mandamus. The district court clearly and indisputably erred in allowing Plaintiff to proceed pseudonymously, and there is no adequate alternative remedy. *E.g.*, ECF 26 at 36-43. Without mandamus, the public's constitutional right of access to a case with important and far-reaching implications will be undermined. To the extent there is any doubt this Court has jurisdiction to decide the pseudonymity issue, or grant Defendants' conditional cross-motion to unseal, this Court should construe Defendants' arguments as a petition for writ of mandamus and grant it.

## BACKGROUND

Plaintiff sued Defendants under a pseudonym. Doc. 1. In support of the motion to proceed pseudonymously, Plaintiff argued that proceeding under Plaintiff's true name "would cause severe personal consequences, including serious risk of physical harm, as well as potential future economic and professional consequences." Doc. 5 at 2. That was so because Plaintiff "identifies as [a] transgender" inmate, risking "social

stigma from prisoners and guards, as well as members of the community in Georgia." Doc. 5-1 at 5.

Defendants opposed pseudonymity because Plaintiff is a serial litigant who had already filed many suits under Plaintiff's legal name, including at least two unsuccessful suits requesting additional treatments for gender dysphoria. Doc. 59 at 4-5. The publicly available documents in those cases readily identify Plaintiff as transgender-identifying and disclose much of the other information that Plaintiff still claims is "highly private." *Id.* at 4. And maintaining pseudonymity undermined the ability to detect vexatious litigants, like Plaintiff, who has already had a case dismissed for providing false information about prior litigation. *Id.* at 6.

Plaintiff in reply did not deny that a significant amount of the purportedly private information was disclosed in public documents filed under Plaintiff's legal name. Doc. 68. Instead, Plaintiff mainly argued that those filings were done "*pro se*," so "Plaintiff should not be prejudiced" now "for a prior lack of knowledge" of Plaintiff's "rights." *Id.* at 2.

The district court granted the motion in relevant part. According to the court, Plaintiff's *pro se* status excused the prior public filings. Doc. 75 at 2-3. "Regardless of the past," the court explained, "disclosure of [Plaintiff's] identity here will necessarily result in additional disclosure (or republication) of [Plaintiff's] transgender[-identifying] status, mental health problems, and other private medical information," which supported pseudonymity. *Id.* at 3-4. The court, however, determined that "Defendants need

not withhold Plaintiff's identity from individuals who are responsible for [Plaintiff's] medical care, who are directly involved in the wrongdoing [Plaintiff] alleges, or who have relevant information regarding Plaintiff's claims." *Id.* at 5. Thus, the court "shield[ed] Plaintiff's identity from the public and (possibly) certain other people" but Defendants could reveal Plaintiff's identity to some individuals to mount a defense. *Ibid.*

## ARGUMENT

### I. This Court has jurisdiction over the pseudonymity issue.

**A.** When an appellant timely appeals a preliminary-injunction order, this Court has appellate jurisdiction over legal issues "closely related" to the "grant of a preliminary injunction." *Transcon. Gas Pipe Line*, 910 F.3d at 1171 n.24. As a leading treatise puts it: "Jurisdiction of the interlocutory appeal is in large measure jurisdiction to deal with all aspects of the case that have been sufficiently illuminated to enable decision by the court of appeals without further trial court development.... Even with respect to preliminary injunction decisions, other matters may be inextricably bound up with the decision or may be considered in the wise administration of appellate resources." 16 Wright & Miller §3921.1 (3d ed.); *accord, e.g.*, *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.*, 760 F.2d 312, 315 (D.C. Cir. 1985) (same); *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006) ("It is elementary that an appeal from the denial of injunctive relief brings the whole record before the appellate court and that the scope of review may extend further than the immediate question on which the District Court ruled to allow

disposition of all matters appropriately raised by the record, including entry of a final judgment." (cleaned up)).[1]

Whether Plaintiff may proceed pseudonymously is one of those issues. To start, pseudonymity is a legal question that does not require additional factual development. Neither the district court nor Plaintiff disputes that Plaintiff has disclosed much of the information now claimed to be confidential in *Plaintiff's own legal filings* in previous cases raising very similar claims; much of this information is discussed in publicly accessible judicial orders as well. *E.g.*, Doc. 59 (opposition to motion to proceed pseudonymously); Doc. 60-1 (Plaintiff's publicly available declaration in prior suit detailing childhood, medical and mental-health history including gender dysphoria, and previous treatments while in Georgia state prison); Doc. 60-2 (Plaintiff's complaint in prior suit stating that Plaintiff identifies as transgender and describing Plaintiff's alleged history of sexual assault while incarcerated); Doc. 60-3 (judicial opinion involving one of Plaintiff's suits, which notes Plaintiff has filed at least eight other cases); Doc. 60-4 (Plaintiff's

---

[1] *See also, e.g., Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1269 (10th Cir. 2022) ("[T]his court is empowered to deal with *all aspects of the case* in an appeal from the grant of a preliminary injunction, *including the resolution of issues otherwise not appealable*." (emphases added)); *Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 874 F.2d 1346, 1352 (10th Cir. 1989) ("We further believe that on appeal from a grant or denial of injunctive relief, this court as a matter of law may justifiably, though cautiously, decide other generally nonappealable legal issues."); *Mercury Motor Exp., Inc. v. Brinke*, 475 F.2d 1086, 1091 (5th Cir. 1973) (Regarding an interlocutory appeal: "Once a case is lawfully before a court of appeals, it does not lack power to do what plainly ought to be done." (cleaned up)); *Solantic, LLC v. City of Neptune Beach*, 410 F.3d 1250, 1273 (11th Cir. 2005) (same).

prior suit resulting in a jury award mentioned in Plaintiff's filings in this case); Doc. 87 at 485-607 (Plaintiff's suit Plaintiff later voluntarily dismissed that is materially similar to the present suit). That information is readily accessible to the public, today, through Pacer, Westlaw, and public sources accessible through Google or other search engines. Plaintiff is also no stranger to publicity and news coverage given Plaintiff's long record of serious criminal activity (including recently, while incarcerated).

Thus, there is no real dispute over the facts. The only dispute is whether Plaintiff should be allowed to proceed pseudonymously notwithstanding those voluntary disclosures. The answer to that legal question is "no," as explained at length in Defendants' contemporaneously filed merits brief, ECF 26 at 36-43, and this Court has jurisdiction to give that answer.

Pseudonymity is also an issue closely related to the preliminary-injunction order. Pseudonymity affected how the entire preliminary-injunction hearing took place, all the briefing and evidence, and the district court's preliminary-injunction decision. *E.g.*, Doc. 124 at 15 (needing to use "Doe," "Plaintiff," etc. at hearing and "[i]f we mess up, we'll fix the record"). Indeed, even at the beginning of the preliminary-injunction hearing, Plaintiff's counsel asked the court to "sea[l] or clos[e]" the courtroom. Doc. 124 at 15-16; *but see id.* at 16-18 (allowing "an attorney with the ACLU of Georgia" and "two interns" to stay in courtroom).

Unsurprisingly, courts have concluded that anonymity is precisely the type of issue decidable on interlocutory appeal, as the issue is "part and parcel of the record in"

cases like this one. *United States v. Microsoft Corp.*, 56 F.3d 1448, 1457 (D.C. Cir. 1995). This Court should conclude the same.

Resolving pseudonymity now also "serves judicial economy." *Callaway v. Block*, 763 F.2d 1283, 1287 n.6 (11th Cir. 1985); *accord Solantic*, 410 F.3d at 1274 ("interests of judicial economy" support resolving legal issues on interlocutory appeal); 16 Wright & Miller §3921.1 (3d ed.) ("Any other rule frequently would require wasted litigation without any offsetting advantage in economy of appellate effort or uninterrupted trial court proceedings."); *Noxell*, 760 F.2d at 315 (jurisdiction because it "sensibly advances the just and efficient determination of civil actions"). Defendants will have to expend significant effort and cost litigating this case and its already voluminous record while preserving anonymity—even though Plaintiff has already voluntarily disclosed into the public domain most of the same information that Plaintiff and the district court claims to be "highly private." ECF 26 at 36-43.[2]

---

[2] Pseudonymity hinders the efficient administration of justice in other ways. For one, "[c]ourts and litigants often recognize that a litigant in the case before them is vexatious by searching for past cases filed by the litigant in various courts. That becomes impossible or at least much harder if the past cases were pseudonymous." Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1390 (2022) (footnotes omitted); ECF 26 at 39-40. For another, Plaintiff's pseudonymity prevents proper recusal check and complicates preclusion determinations. *See Coe v. Cnty. of Cook*, 162 F.3d 491, 498 (7th Cir. 1998) ("[I]n the certificate of interest that a party is required to file in order to enable a judge of this court to determine whether he or she is recused from the case Coe's real name is not listed. It should be." (cleaned up)); *Roe v. Dettelbach*, 59 F.4th 255, 260 (7th Cir. 2023) ("[E]ven if the public docket reflects a pseudonym, that does not excuse the duty to comply with Circuit Rule 26.1, which requires even an anonymous litigant to disclose her true name on the disclosure statement and file the statement under seal. This rule is necessary to enable a judge of this court to determine whether

**B.** Plaintiff makes a hodgepodge of counterarguments, but none is relevant or persuasive.

*First,* Plaintiff argues that the collateral-order doctrine does not apply to a grant of pseudonymity. ECF 25-1 at 3-5. That argument misses the point. The collateral-order doctrine is an "exceptio[n]" to the general rule that a party may appeal only from a "final decisio[n]" under 28 U.S.C. §1291. *See, e.g., Dupree v. Younger*, 598 U.S. 729, 734 n.3 (2023); *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106 (2009).

Here, however, Defendants are not relying on the collateral-order doctrine or §1291 because Defendants independently have the right to appeal the preliminary-injunction order under 28 U.S.C. §1292. Under §1292, this Court has jurisdiction of appeals from "[i]nterlocutory orders of the district courts … granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." 28 U.S.C. §1292(a)(1). The collateral-order doctrine is thus irrelevant to this Court's jurisdiction. *See, e.g.,* 16 Wright & Miller §3921.1 (3d ed.) ("The courts of appeals should be trusted to exercise this discretion as makes most sense, recognizing that the policies shaping the scope of an appeal from a ruling respecting interlocutory injunction issues are different from the policies shaping the scope of a collateral-order appeal or other pre-final-judgment appeals."); *Noxell*, 760 F.2d at 315 (understanding the distinction).

---

he or she should recuse from the case and protect the impartiality of our proceedings." (cleaned up)).

At bottom, Defendants filed a timely and proper appeal under §1292, and this Court has jurisdiction over "closely related" issues, *Transcon. Gas Pipe Line*, 910 F.3d at 1171 n.24, including "other generally nonappealable legal issues," *Tri-State Generation*, 874 F.2d at 1352. Here, the pseudonymity issue "comes before [this Court] as part and parcel of the record in this case." *Microsoft*, 56 F.3d at 1457. So this Court has appellate jurisdiction to decide the pseudonymity issue.

*Second,* Plaintiff argues that an appeal of the district court's pseudonymity order is untimely. ECF 25-1 at 7-9. But Defendants' appeal is timely because they filed a notice of appeal within 30 days of the preliminary-injunction order, thereby giving this Court jurisdiction over the preliminary-injunction order and all other not-otherwise appealable decisions ready for resolution. The scope of appeal thus includes pseudonymity.

Plaintiff relies heavily on *S.B. v. Fla. Agric. & Mech. Univ. Bd. of Trustees*, 823 F. App'x 862 (11th Cir. 2020), but that reliance is mistaken. *See* ECF 25-1 at 6-9. As Plaintiff concedes, *S.B.* is an unpublished opinion that is not binding. ECF 25-1 at 6. The decision is also critically different. There, the defendants moved to dismiss the case under Federal Rule of Civil Procedure 10 because the plaintiff "did not use her full name in her complaint." 823 F. App'x at 863. The plaintiff opposed and cross-moved "to proceed anonymously." *Ibid.* The district court denied the defendants' Rule 10 motion and granted the plaintiff's anonymity motion. *Ibid.* After the deadline to file a notice of appeal of those decisions, the defendants filed yet another Rule 10 motion, which

the district court again denied for the same reasons as before. *Ibid.* This time the defendants "filed an interlocutory appeal" challenging the court's *second* denial. *Ibid.*

This Court concluded that the defendants' appeal was "untimely" and "dismiss[ed] the appeal." *Ibid.* As the court explained, "when a court re-enters a judgment without altering the substantive rights of the parties, the entry of the second judgment does not affect the time within which a party must appeal the first order." *Id.* at 865. Because the district court's second denial was materially identical to the first one, the Court determined that the time limit to appeal started from the first denial. *Id.* at 865-66. And because the notice of appeal was filed long after the deadline to appeal the first decision, this Court held the appeal untimely and dismissed it. *Id.* at 868.

Not so here. As Plaintiff acknowledges, Defendants timely filed a notice of appeal of the preliminary-injunction order, and this Court plainly has jurisdiction to review that order. *See* ECF 25-1 at 1 (not contesting timeliness as to Eighth Amendment issue). There is thus no dispute whether this appeal is timely and proper; the only question is the *scope* of this properly filed appeal. *S.B.*, by contrast, involved whether *any* appeal was timely; it did not involve the scope of a proper appeal.

**Third,** Plaintiff argues that there is no "pendent jurisdiction over the pseudonym order." ECF 25-1 at 9. But, once again, that point responds to an argument Defendants have not made. As a leading treatise has explained, "the discretion to expand a preliminary injunction appeal is a matter free from the strict approach taken to other situations under the label of pendent appellate jurisdiction." 16 Wright & Miller §3921.1 (3d ed.);

*accord* 16 Wright & Miller §3937 (3d ed.) ("If appeal has been taken under an interlocutory appeal statute, the extent of appellate jurisdiction ordinarily is measured by considering the proper scope of the appeal. In rough terms, the working answer is that the appeal can properly be extended to include orders that are not independently appealable but that are somehow bound up with the appealable order and that are otherwise 'ripe' for review."). In other words, although pendent appellate jurisdiction may be a ground for expanding an appellate court's review, it is unnecessary to use here because the pseudonymity issue is closely related to the preliminary-injunction order that no one disputes is properly before this Court.

## II. Defendants conditionally cross-move to unseal the appellate record, which the Court has jurisdiction to grant.

For all the reasons discussed above, Defendants' appeal of the district court's pseudonymity order is properly before this Court. But if the Court concludes that it lacks jurisdiction, Defendants conditionally cross-move to unseal the appellate record and order Plaintiff to proceed before this Court using Plaintiff's legal name.

This Court unquestionably has the authority to grant such a motion. "When presented with an appeal, [courts of appeals] routinely unseal documents that were sealed in the district court when those documents are used on appeal and there is no legal basis for sealing." *June Med.*, 22 F.4th at 518 n.3. In fact, unsealing often happens "*sua sponte.*" *Ibid.* Plaintiff seems to agree that this Court has the power to order Plaintiff to identify by Plaintiff's legal name. *See* ECF 25-1 at 7 ("An appellate court can issue an order

directly to the parties to identify plaintiffs by name in public filings."). Thus, for the same reasons that the district court erred in allowing Plaintiff to proceed anonymously, *see* ECF 26 at 36-43, this Court should unseal the appellate record and require Plaintiff to file documents in this Court with Plaintiff's legal name rather than the improperly used pseudonym.

Unsealing is especially warranted here. "There is a presumption that material attached to or included in a substantive filing, such as an appellate brief, 'is subject to the public right of access.'" *OJ Com.*, 34 F.4th at 1240. "Information transmitted to the court of appeals is presumptively public because the appellate record normally is vital to the case's outcome." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002); *accord BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019). Many of the sealed documents pertaining to Plaintiff are publicly available, and "[p]ublicly available information [or documents] cannot be sealed." *June Med.*, 22 F.4th at 520; *accord OJ Com.*, 34 F.4th at 1241 ("a party should not seek to seal information that is already public"); *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1236 (11th Cir. 2013) ("We decline to conceal the identity of Perez–Guerrero or his counsel…. [A] decision to omit Perez–Guerrero's name from this opinion would do little to protect his safety. Perez–Guerrero concedes that his name, photograph, and identity as an informant have been widely reported in the media."); ECF 26 at 36-43. So this Court should order the unsealing of them.

Moreover, this Court "is not bound by the district court's decision to seal certain documents below, and retains its own 'authority to decide whether the parties may file documents under seal in this Court.'" *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *see OJ Com.*, 34 F.4th at 1240 (determining whether "material attached to or included in a substantive filing, such as an appellate brief" should remain sealed, even though the evidence was initially "filed under seal" with permission by a court).

In short, regardless of its jurisdiction to review the district court's orders, this Court unquestionably has authority to—and should—order the unsealing of the entire appellate record.

## III. Alternatively, this Court can construe Defendants' appeal as a petition for a writ of mandamus and grant it.

To the extent there is any doubt this Court has jurisdiction to decide the pseudonymity issue or grant Defendants' motion to unseal, it can alternatively construe Defendants' appeal as a petition for a writ of mandamus. There are three conditions: (1) "the party seeking issuance of the writ must have no other adequate means to attain the relief he desires"; (2) "the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable"; and (3) "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004) (cleaned up). These conditions are not "insuperable." *Id.* at 381. Mandamus "serve[s] as useful safety valves for promptly correcting serious errors." *Mohawk*, 558 U.S. at 111 (cleaned up).

Mandamus is warranted here. As Defendants argue in their opening brief, the district court clearly and indisputably erred in allowing Plaintiff to proceed pseudonymously. ECF 26 at 36-43. Plaintiff has no plausible basis to proceed pseudonymously when much of the information Plaintiff and the district court claim is "highly private" has already been disclosed to the public in several of Plaintiff's own legal filings submitted using Plaintiff's legal name—filings that remain publicly available and easily accessible to any member of the public. *Ibid.*

The other conditions also favor mandamus. To begin with, Defendants "have no other adequate means to attain" relief and would not be using mandamus "as a substitute for the regular appeals process," *Cheney*, 542 U.S. at 380-81 (cleaned up), since no one disputes that the preliminary-injunction order is properly before this Court.

Mandamus is also needed to prevent significant harm to the public. Pseudonymity undermines the public's constitutional right of access and hinder "'a fundamental element of the rule of law.'" *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("'customary and constitutionally-embedded presumption of openness in judicial proceedings'").

At bottom, "[t]he only conceivable alternative to mandamus relief—inevitable reversal by this court after the defendants have been forced to endure full discovery, full litigation, and a full trial—is scarcely adequate to redress this injury." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (cleaned up). Worse, it is not even clear that this alternative is available to Defendants because courts have declined

to address pseudonymity on appeal when there are no further proceedings before the district court. *See, e.g., Doe v. Samford Univ.*, 29 F.4th 675, 693 (11th Cir. 2022) ("The Appeal from the Denial of the Motion To Proceed under a Pseudonym is Moot.").

Granting the writ is also appropriate here. This case involves the "highly sensitive" area of "prison security and safety." *In re Sec'y, Fla. Dep't of Corr.*, 2020 WL 1933170, at *3 (11th Cir. Mar. 30). And given the extraordinary relief being requested by Plaintiff, the public has a right to know Plaintiff's true identity—including Plaintiff's long record of past (and recent) offenses that shed light on the Defendants' legitimate security concerns. If there are doubts as to jurisdiction, mandamus is warranted here.

## CONCLUSION

For these reasons, this Court has jurisdiction to decide the pseudonymity issue and should deny Plaintiff's motion to dismiss. Alternatively, this Court should grant Defendant's cross-motion to unseal the appellate record, or should construe the appeal with respect to pseudonymity as a petition for writ of mandamus and grant it. Either way, there is no plausible basis to allow Plaintiff to continue litigating under a pseudonym, and this Court has jurisdiction to so hold.

Dated: June 3, 2024

Respectfully submitted,

Christopher M. Carr
  *Attorney General*
  Georgia Bar No. 112505
Stephen J. Petrany
  *Solicitor General*
  Georgia Bar No. 718981
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia, 30334
404-458-3408
spetrany@law.ga.gov

*/s/ Jeffrey M. Harris*
Jeffrey M. Harris
Rachael C. Tucker
Thomas S. Vaseliou
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
jeff@consovoymccarthy.com
rachael@consovoymccarthy.com
tvaseliou@consovoymccarthy.com

*Counsel for Appellants*

**CERTIFICATE OF COMPLIANCE**

This brief complies with Rule 27(d) because it contains 4,012 words, excluding the parts that can be excluded. This brief also complies with Rule 27(a)(2)(B) and Rule 32(a)(5)-(6) because it is prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font.

Dated: June 3, 2024                    */s/ Jeffrey M. Harris*

**CERTIFICATE OF SERVICE**

I filed this brief on the Court's electronic filing system, which will email everyone requiring notice.

Dated: June 3, 2024                    */s/ Jeffrey M. Harris*